**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NEILL S. WRIGHT,** | **CIVIL ACTION NO.: 2:16-cv-09405** |
| **Plaintiff** | **JUDGE: Nanette Jolivette Brown** |
| **v.** | **MAGISTRATE JUDGE: Wilkinson** |
| **ERIC BLUE** | **SECTION "G" (2)** |
| **Defendant** | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Neill S. Wright ("Mr. Wright") submits this memorandum of law in support of his motion for summary judgment.

**I.      FACTS**

This is a simple case to enforce the Defendant, Eric Blue ("Mr. Blue"), to pay on a delinquent promissory note.

On June 4, 2015, Mr. Wright agreed to loan Mr. Blue a sum of one hundred thousand dollars ($100,000.00).  In return, Mr. Blue executed a promissory note ("Note #1") agreeing to pay Mr. Wright one hundred eight thousand dollars ($108,000.00) on or before June 30, 2015. *See* Declaration of Neill S. Wright in Support of Plaintiff's Motion for Summary Judgment ("Wright Decl.") at ¶¶ 2-4, Ex. A.  Mr. Blue admits that he signed the note.  *See* Defendant Eric Blue's Amended Original Answer [D.E. 7] (the "Answer") at ¶ 7.  Mr. Wright delivered the sum of one hundred thousand dollars to Mr. Blue as agreed.  *See* Wright Decl. at ¶ 5.  Mr. Blue, however, failed to make any payments to Mr. Wright on Note #1 as promised.  *See* Wright Decl. at ¶ 6.

Mr. Wright offered to forgo instituting collections proceedings and to cancel Note #1 as consideration for Mr. Blue's promise to pay one hundred sixteen thousand dollars ($116,000.00) on or before September 15, 2015.  *See* Wright Decl. at ¶ 7.  Mr. Blue accepted Mr. Wright's offer and executed a second promissory note ("Note #2") on August 31, 2015.  *See* Wright Decl. at ¶ 8, Ex. B; Answer at ¶ 10.  Again, Mr. Blue failed to make any payments as agreed.  *See* Wright Decl. at ¶ 9.

Mr. Wright again offered to forgo instituting collection proceedings and to cancel Note #2 as consideration for Mr. Blue's promise to pay one hundred twenty-four thousand dollars on or before April 15, 2016.  *See* Wright Decl. at ¶ 10.  Mr. Blue again accepted Mr. Wright's offer and executed a third promissory note ("Note #3") on March 16, 2016.  *See* Wright Decl. at ¶ 11, Ex. C; Answer at ¶ 12.  Mr. Blue admits that he has not paid any of the amounts owed on Note #3.  *See* Answer at ¶ 13; Wright Decl. at ¶ 12.

Note #3 is the promissory note that Mr. Wright seeks to enforce in this action.

## II.    LAW AND ARGUMENT

### A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" only if its resolution affects the outcome of the suit.  *Id.*

### B.  Mr. Wright Is Entitled To Enforcement Of The Promissory Note

The Supreme Court of Louisiana has held that summary judgment is the appropriate procedural device to enforce a negotiable instrument when the defendant has no defense against

enforcement.  *See American Bank v. Saxena*, 553 So. 2d 836, 845-46 (La. 1989); *see also Premier Bank, Nat'l Ass'n v. Percomex, Inc.*, 615 So. 2d 41, 43 (La. App. 3d Cir. 1993); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Reeves*, Case No. 94-cv-2580, 1997 U.S. Dist. LEXIS 13099 at *9-10 (E.D. La. Aug. 25, 1997).  "Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence."  *Premier Bank*, 615 So. 2d at 43; *see also Reeves*, 1997 U.S. Dist. LEXIS 13099 at *10.

Under the Uniform Commercial Code, as adopted by Louisiana,

> a "holder" is a person who is in possession of an instrument drawn or issued to him or his order. A negotiable instrument must (a) be signed by the maker or drawer; and (b) contain an unconditional promise to pay a sum certain in money; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer.

*Saxena*, 553 So. 2d at 842 (citing La. Rev. Stat. §§ 10:1-201, 10:3-104).

Here, Mr. Wright has produced Note #3 and Mr. Blue has admitted that he signed Note #3.  *See* Wright Decl. at ¶ 11, Ex. C; Answer at ¶ 12.  Note #3 (a) is signed by Mr. Blue, (b) contains an unconditional promise to pay one hundred twenty-four thousand dollars ($124,000.00), (c) was payable "on or before April 15, 2016," and (d) contains a promise "to pay to the order of Neill S. Wright."  Note #3 therefore is a negotiable instrument and Mr. Wright is the holder.  Mr. Wright has testified that he loaned to Mr. Blue the original sum underpinning Note #3.  *See* Wright Decl. at ¶ 5.  Mr. Blue admits that he entered into the agreement and that he has not made any payments on Note #3.  *See* Answer at ¶ 13.  Thus, Mr. Wright as holder may enforce payment of the delinquent Note #3 unless Mr. Blue can establish a defense to liability by a preponderance of the evidence.  *See Reeves*, 1997 U.S. Dist. LEXIS 13099 at *12 (citing *Saxena*, 553 So. 2d at 842; La. Rev. Stat. § 10:3-301).

In his Answer, Mr. Blue listed several affirmative defenses: (a) lack of consideration, (b) waiver and estoppel (c) unconscionability, (d) mistake, (e) Plaintiff committed fraud, (f) statute of limitations, and (g) frustration of purpose. *See* Answer at ¶ 24. Yet Mr. Blue has pled no facts whatsoever to support his defenses. Accordingly, the Court should grant summary judgment in favor of Mr. Wright.

Moreover, Note #3 provides for attorneys' fees and costs stating, "If this Note is placed in the hands of an attorney for collection, Maker agrees to pay attorneys' fees and costs and expenses of collection, including but not limited to court costs." *See* Wright Decl., Ex. C. Accordingly, the Court should award of attorneys' fees and costs. Once summary judgment is granted, counsel will present the Court with an affidavit and statement of fees and costs.

**III.    CONCLUSION**

For the foregoing reasons, this Court should grant Neill S. Wright's Motion for Summary Judgment.

Respectfully submitted,

   /s/ Richard T Sahuc
GREGORY D. LATHAM (#25955)
GLATHAM@IPLAWCONSULTING.COM
RICHARD T. SAHUC (#29668)
RSAHUC@IPLAWCONSULTING.COM

INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: 504.322.7166
Facsimile: 504.322.7184
***Attorneys for Neill S. Wright***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 22nd day of July, 2016, a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF System.  Notice of this filing was served by ELECTRONIC FILING through the court's electronic filing system upon:

Elizabeth B. Carpenter
ebc@neworleans-criminal-defense.com

and by FIRST CLASS MAIL, POSTAGE PREPAID upon:

Ezekiel Tyson, Jr.
Law Office of Ezekiel Tyson, Jr.
342 W. Montana Ave.
Dallas, Texas 75224

/s/ Richard T. Sahuc
Richard T. Sahuc
