UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEILL S. WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-9405** |
| **ERIC BLUE** | **SECTION: "G"(2)** |

## ORDER

In this litigation, Plaintiff Neill Wright brings a breach of contract claim against Defendant Eric Blue seeking payment on a delinquent promissory note.[1] Pending before the Court is Wright's "Motion for Summary Judgment."[2] Blue has not filed a response, timely or otherwise,[3] and therefore this motion is deemed unopposed. District courts have authority to grant an unopposed motion as long as the motion has merit.[4] Having reviewed the motion, the memoranda in support, the record, and the applicable law, the Court will grant the motion for summary judgment.

## I. Background

### A.   *Factual Background*

Wright alleges that on June 4, 2015, Wright and Blue entered an agreement whereby Wright would loan $100,000 to Blue and Blue would pay Wright $108,000 on or before June 30,

---

[1] Rec. Doc. 1 at 2–4.

[2] Rec. Doc. 12.

[3] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Wright's "Motion for Summary Judgment" was August 17, 2016, and accordingly Blue's response was due on or before August 9, 2016. *See* Rec. Doc. 12.

[4] *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155, at *2 (5th Cir. 2001).

1

2015.[5] The agreement was memorialized in a promissory note dated June 4, 2015, and signed by Blue.[6] Wright alleges that he delivered the $100,000 to Blue, but that no payment was made by Blue by the June 30, 2015, deadline.[7] Wright and Blue then entered into a second promissory note on August 30, 2015, whereby Wright alleges he agreed to forgo collections proceedings and cancel the first promissory note in consideration for Blue's promise to pay $116,000 on or before September 15, 2016.[8] Wright alleges that Blue again failed to make any payments by the second promissory note's deadline.[9] On March 16, 2016, Wright and Blue entered into a third promissory note, whereby Wright again alleges he agreed to forgo collections proceedings and cancel the second promissory note in consideration for Blue's promise to pay $124,000 on or before April 15, 2016.[10] In his Amended Answer, Blue admits that no payment has been made on the third promissory note, but denies that any payment was owed.[11] Wright asserts that the third promissory note was a valid, binding agreement between the parties, and Blue's failure to make any payments constitutes a material breach of that agreement.[12]

---

[5] Rec. Doc. 1 at 2.

[6] *Id* (citing Rec. Doc. 12-4). In his Amended Answer, Blue admits he signed the promissory note and agreed to pay $108,000 on or before June 30, 2015. *See* Rec. Doc. 7 at 1.

[7] Rec. Doc. 1 at 2. In his Amended Answer, Blue states that, "[t]o the extent that a response is required," he denies the allegation that he failed to make any payment on the promissory note. Rec. Doc. 7 at 1.

[8] *Id* (citing Rec. Doc. 12-5); *See* Rec. Doc. 12-1 at 2. In his Amended Answer, Blue admits he signed the second promissory note and agreed to pay $116,000 on or before September 15, 2015. *See* Rec. Doc. 7 at 1.

[9] Rec. Doc. at 1 at 2. In his Amended Answer, Blue states that, "[t]o the extent that a response is required," he denies the allegation that he failed to make any payment on the second promissory note. Rec. Doc. 7 at 2.

[10] Rec. Doc. 1 at 2–3. In his Amended Answer, Blue admits he signed the third promissory note and agreed to pay $124,000 on or before April 15, 2016. *See* Rec. Doc. 7 at 1.

[11] Rec. Doc. 7 at 2.

[12] Rec. Doc. 1 at 3.

B.     *Procedural Background*

Wright filed a complaint against Blue on June 9, 2016, for breach of contract for Blue's alleged failure to perform his obligations under the third promissory note.[13] Wright seeks $124,000 in damages, *i.e.* the full amount owed on the third promissory note, and, pursuant to the terms in the third promissory note, the attorneys' fees and costs associated with Wright's collection efforts.[14] Blue filed an Amended Answer on July 1, 2016.[15] Wright filed the instant motion for summary judgment on July 22, 2016.[16] The motion was set for submission on August 17, 2016, and, pursuant to Local Rule 7.5, Blue's response to the motion was due August 9, 2016.[17] Blue has not filed a response or requested an extension of time to respond. Wright filed a supplemental memorandum on August 19, 2016, stating that because the submission date passed without a response by Blue, and because Blue's counsel did not contact Wright to request an extension of time or raise any issues, this Court should treat the motion as unopposed.[18]

## II. Parties' Arguments

A.     *Wright's Arguments in Support of Summary Judgment*

Wright contends that there are no genuine issues of material fact in this matter, and accordingly, he is entitled to summary judgment.[19] Wright asserts that the third promissory note

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 1 at 3. "If this Note is placed in the hands of an attorney for collection, Maker agrees to pay attorneys' fees and costs and expenses of collection, including but not limited to court costs." Rec. Doc. 12-6 at 2.

[15] Rec. Doc. 7.

[16] Rec. Doc. 12.

[17] *Id*.

[18] Rec. Doc. 18 at 1.

[19] Rec. Doc. 63 at 1.

was validly entered into and binding on both parties, and that Blue materially breached their contract by failing to make any payments on the third promissory note.[20] According to Wright, the Supreme Court of Louisiana has held that summary judgment is appropriate to enforce a negotiable instrument when the defendant has no defense against enforcement.[21] Wright asserts that once he produces the promissory note and proves that Blue signed it, he is entitled to recover without the need for any further evidence.[22] Wright argues that a promissory note constitutes an enforceable negotiable instrument under the Uniform Commercial Code, as adopted by Louisiana, if it is "(a) . . . signed by the maker or drawer; and (b) contain[s] an unconditional promise to pay a sum certain in money; and (c) [is] payable on demand or at a definite time; and (d) [is] payable to order or to bearer."[23]

Here, Wright argues that he produced the promissory note and that Blue, *i.e.* the maker, admitted to signing it.[24] The note bears Blue's signature and contains an unconditional promise to pay $124,000 on or by April 15, 2016 to Wright.[25] Thus, Wright asserts that the third promissory note is a negotiable instrument and that Wright, as the holder, may enforce payment of it, unless Blue establishes a defense to liability by a preponderance of evidence.[26] Wright acknowledges that

---

[20] Rec. Doc. 12-1 at 2; Rec. Doc. 1 at 3–4.

[21] Rec. Doc. 12-1 at 2–3 (citing *American Bank v. Saxena*, 89-927, (La. 12/11/1989), 553 So. 2d 836, 845–46; *see also Premier Bank, Nat'l Ass'n v. Percomex, Inc.*, 92-243 (La. App. 3 Cir. 3/3/93) 615 So. 2d 41, 43; *Bank of Am. Nat'l Trust & Sav. Ass'n v. Reeves*, Case No. 94-cv-2580, 1997 U.S. Dist. LEXIS 13099 at *9-10 (E.D. La. Aug. 25, 1997)).

[22] *Id*. at 3 (quoting *Premier Bank*, 615 So. 2d at 43; *see also Reeves*, 1997 U.S. Dist. LEXIS 13099 at *10).

[23] *Id* (quoting *Saxena*, 553 So. 2d at 842 (citing La. Rev. Stat. §§ 10:1-201, 10:3-104)).

[24] *Id*.

[25] *Id*.

[26] *Id* (citing *Reeves*, 1997 U.S. Dist. LEXIS 13099 at *12 (citing *Saxena*, 553 So. 2d at 842; La. Rev. Stat. § 10:3-301)).

Blue listed several affirmative defenses, stated *infra*, but asserts that Blue has pled no facts to support them.[27] Therefore, Wright argues that he is entitled to summary judgment as a matter of law and monetary damages in the amount of $124,000.[28]

Additionally, Wright asserts that he is entitled to attorneys' fees and costs.[29] According to Wright, the third promissory note states that "[i]f this Note is placed in the hands of an attorney for collection, Maker agrees to pay attorneys' fees and costs and expenses of collection, including but not limited to court costs."[30] Therefore, because Wright retained counsel to collect on the alleged debt owed under the third promissory note, he argues the Court should also award attorneys' fees and costs.[31]

### B.   *Blue's Arguments in Opposition to the Motion for Summary Judgment*

Blue has not filed a response in opposition to Wright's motion for summary judgment. In his Amended Complaint, Blue admits to signing the third promissory note and admits that no payment has been made on the third promissory note, but denies any allegation that a payment was due or owed.[32] Blue also raised seven defenses to Wright's claims: lack of consideration, waiver and estoppel, unconscionability, mistake, Plaintiff committed fraud, statute of limitations, and

---

[27] *Id.* at 4.

[28] *Id. See* Rec. Doc. 1 at 3–4.

[29] *Id.*

[30] *Id. See* Rec. Doc. 12-6 at 2.

[31] *Id.* at 4.

[32] Rec. Doc. 7 at 2.

frustration of purpose.[33] However, Blue does not provide any facts, evidence, or arguments to support the defenses raised.[34]

### III. Law and Analysis

*A.     Legal Standard*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[35] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[36] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[37] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[38] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[39]

---

[33] *Id.*

[34] *Id.*

[35] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[36] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[37] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[38] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[39] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[40] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[41] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[42] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[43] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[44]

## B.   Analysis

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[45] In support of his motion, Wright cites *American Bank v. Saxena*, a Louisiana

---

[40] *Celotex*, 477 U.S. at 323.

[41] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[42] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[43] *Little*, 37 F.3d at 1075.

[44] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

[45]  *Celotex,* 477 U.S. at 323.

Supreme Court case that held that summary judgment may be granted to enforce a negotiable instrument when the defendant establishes no defense against enforcement.[46] "Once the defendant, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence."[47] Under La. Rev. Stat. § 10:3-104, a valid negotiable instrument must "(a) be signed by the maker or drawer; and (b) contain an unconditional promise to pay a sum certain in money; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer."[48]

Here, the third promissory note memorialized Blue's promise to pay a set sum of $124,000 to Wright on or before April 15, 2016.[49] Blue admits that he signed the third promissory note and does not present any evidence or legal authority to support a claim that it is not valid.[50] Therefore, the Court finds that the third promissory note constitutes a valid negotiable instrument. Because Wright, as holder, has produced the promissory note, and Blue, as the maker, admits to signing it, the Court finds that Wright is entitled to enforce payment of the third promissory note, unless Blue can establish a defense by a preponderance of the evidence.[51]

---

[46] 89-927, (La. 12/11/1989), 553 So. 2d 836; *see also Bank of Am. Nat. Trust & Sav. Ass'n v. Reeves*, No. CIV.A. 94-2580, 1997 WL 537691, at *3 (E.D. La. Aug. 25, 1997) (stating the same).

[47] *Pannagl v. Kelly*, 13-823 (La. App. 5 Cir. 5/14/14), 142 So. 3d 70, 74 (citing *Johnson v. Drury,* 99–608 (La. App. 5 Cir. 6/2/00), 763 So.2d 103, 109–110); *Premier Bank, Nat'l Association v. Percomex, Inc.,* 92-243 (La. App. 3 Cir. 3/3/93) 615 So. 2d 41; *Thomas v. Bryant,* 597 So.2d 1065 (La. App. 2nd Cir. 1992)). Under the Uniform Commercial Code, as adopted by Louisiana, a "holder" is the party who possesses an instrument issued to him or his order. La. Rev. Stat. § 10:1–201.

[48] *Id* (citing La. Rev. Stat. § 10:3–104).

[49] *See* Rec. Doc. 12-6 at 2–3.

[50] Rec. Doc. 7 at 2; *see also Reeves*, 1997 WL 537691 at *3 (noting that Bank of America was entitled to enforce a promissory note when it produced the Note, its validity was not contested, and defendants did not deny their signatures were authentic).

[51] "If the validity of signatures is admitted or proved and there is compliance with Subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under

Under La. Rev. Stat. § 10:3-308, Blue may successfully defeat summary judgment if he establishes, by a preponderance of the evidence, the grounds of defenses raised in his Amended Answer.[52] La. Rev. Stat. § 10:3-305 permits raising any defenses that would be available against a simple contract enforcement suit unless Wright is found to be a holder in due course, *i.e.* if he took the instrument for value, in good faith, and without notice of any defense or claim against it.[53] If Wright is found to be a holder in due course, then Blue is limited to asserting only "real" defenses provided for in Section 305.[54]

Here, however, it is not necessary for the Court to determine if Wright is a holder in due course, because Blue has failed to meet his burden to prove any of the raised defenses by a preponderance of the evidence.[55] Blue failed to submit an opposition to the motion for summary judgment raising any disputed issues of material fact and has failed to provide any evidence in support of his defenses. Blue's Amended Complaint likewise only provides only a bare recital of asserted defenses without factual evidence or argument offered in support.[56] As the Fifth Circuit stated in *Galindo v. Precision Am. Corp.*, unsupported allegations of conclusory facts and conclusions of law are insufficient to defeat a summary judgment motion.[57] A party "may not rest upon mere allegations contained in the pleadings," but rather must articulate the specific facts

---

[La. Rev. Stat. §] 10:3-301, unless the defendant proves a defense or claim in recoupment." La. Rev. Stat. § 10:3-308.

[52] *See Saxena*, 553 So. 2d at 842; *see also Reeves*, 1997 WL 537691 at *3.

[53] *See id.;* La. Rev. Stat. § 10:3-302.

[54] *Id*. *See Saxena*, 553 So. 2d at 842 ("Because Saxena has not established by a preponderance the available defenses allowed against a holder under [La. Rev. Stat. §] 10:3–306, we need not consider the question of whether the bank's status is that of a holder in due course.").

[55] *Id*.

[56] Rec. Doc. 7 at 2. *See Saxena*, 553 So. 2d at 846.

[57] 754 F.2d 1212, 1216 (5th Cir. 1985).

showing the existence of a genuine issue of material fact for trial.[58] Therefore, the Court finds that Blue has not met his burden to establish any defense to enforcement of the promissory note by a preponderance of the evidence.

Based on the forgoing, the Court finds that there are no genuine issues of material fact at issue here. Wright has established that the third promissory note is valid and enforceable under Louisiana law. Blue signed the third promissory note agreeing to pay Wright $124,000 by April 15, 2016, and to pay any attorney's costs and fees if an attorney must be hired to collect on delinquent payments.[59] Blue has admitted that he has made no payments on the third promissory note,[60] and has not established any defenses against enforcement.[61] After Blue failed to make any payments on the note, Wright retained counsel to assist in collecting the debt owed by Blue.[62] Therefore, this Court finds that summary judgment in favor of Wright is warranted on Wright's breach of contract claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Summary Judgment"[63] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Eric Blue pay Plaintiff Neill Wright the sum of ONE HUNDRED TWENTY FOUR THOUSAND and 00/100 DOLLARS ($124,000), plus attorney's fees and costs.

---

[58] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986)).

[59] Rec. Doc. 1 at 2–3; Rec. Doc. 12-6 at 2–3.

[60] *Id.*

[61] *Id.*

[62] Rec. Doc. 12-2 at 3.

[63] Rec. Doc. 63.

**NEW ORLEANS, LOUISIANA**, this 13th day of September, 2016.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**