MINUTE ENTRY
WILKINSON, M.J.
MARCH 15, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NEILL S. WRIGHT                                    CIVIL ACTION

VERSUS                                             NO. 16-9405

ERIC BLUE                                          SECTION "G" (2)

**HEARING ON MOTIONS AND SHOW CAUSE ORDER**

APPEARANCES:   Richard Sahuc, representing plaintiff; Elizabeth Carpenter and Ezekiel Tyson, representing defendant and judgment debtor Eric Blue

MOTIONS:   (1)  Plaintiff's Motion to Examine Judgment Debtor, Record Doc. No. 24
(2)  Show Cause Order Regarding Contempt, Record Doc. No. 34
(3)  Plaintiff's Motion for Expedited Consideration of Motion for Sanctions, Record Doc. No. 48
(4)  Plaintiff's Motion for Sanctions, Record Doc. No. 47

ORDERED:

 (1) :  CONTINUED.  For the reasons stated below, plaintiff's judgment debtor examination of defendant Eric Blue is reset on **April 12, 2017 at 11:00 a.m.  Blue must appear in person before me on that date** at 500 Poydras Street, Hale Boggs Building, Room B421, New Orleans, Louisiana.  If he fails to appear without good cause, an arrest warrant will be issued for him, so that formal contempt proceedings may be instituted.

 (2) :  SATISFIED.  The court previously ordered the judgment debtor, defendant Eric Blue, to appear in person today to show cause why he should not be held in contempt for his prior failure to appear at the scheduled judgment debtor examination on March 8, 2017.  Blue failed to appear for the show cause hearing as ordered.  Both of defendant's

MJSTAR:  0 : 20

attorneys appeared today.  Defendant's attorney, Ezekiel Tyson, explained that <u>he</u> had advised Blue not to appear for the prior judgment debtor hearing based on Tyson's erroneous assumption that his motion to continue the hearing would be granted.  Tyson admitted that he had mistakenly stated in his motion to continue that plaintiff's counsel did not oppose the motion.  Tyson explained that Blue did not appear in person on March 8th or today because he is working on an oil rig or in an oilfield outside of Louisiana, for which Blue had departed from Louisiana on Monday, March 6, 2017, after Tyson imprudently advised him that the judgment debtor examination would be continued.  The court accepts Tyson's explanation and acceptance of responsibility for having erroneously advised defendant not to appear for the prior hearing.  Accordingly, the court's Show Cause Order Regarding Contempt against Blue is satisfied.

 (3) : GRANTED.  Defendant's attorney did not oppose plaintiff's Motion for Expedited Consideration of Motion for Sanctions.  Accordingly, the motion is granted and the underlying motion for sanctions is decided immediately.

 (4) :  GRANTED.  Defendant's counsel waived any right to file a written opposition memorandum and stated that he sought only to oppose the motion orally in open court.  Having considered the record, the arguments of counsel and the applicable law, IT IS ORDERED that Ezekiel Tyson and the Tyson Law Firm are sanctioned in the amount of $1,181.25, representing 5.25 hours of work at the reasonable rate of $225 per hour reasonably expended by plaintiff's counsel and caused by Blue's failure to appear for his judgment debtor examination based upon Tyson's erroneous assumption and advice to Blue that the hearing would be continued.  IT IS FURTHER ORDERED that Ezekiel Tyson and the Tyson Law Firm must pay this amount to plaintiff within 14 days from entry of this order.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE