UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NEILL S. WRIGHT                                       CIVIL ACTION

VERSUS                                                     NO. 16-9405

ERIC BLUE                                           SECTION "G" (2)

## **REPORT AND RECOMMENDATION**

Plaintiff's motion for sanctions for failure to attend judgment debtor examinations and to produce documents, all related to post-judgment execution work, is pending before me in this matter. Record Doc. No. 89. In addition, plaintiff's original motion to set attorneys fees and costs incurred pre-judgment, which the judgment and the order underlying it awarded to plaintiff, has now been referred to me. Record Doc. Nos. 19, 20, 21 and 90.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to either of plaintiff's motions has been timely submitted. Accordingly, these motions are deemed unopposed. Nevertheless, it is the obligation of the court to make its own independent evaluation of the reasonableness of awardable attorneys fees. See In Re: High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 227 (5th Cir. 2008). I do so as follows:

In this case, plaintiff has requested an award of $8,744.30 as the amount of fees and costs to be awarded for pre-judgment work, Record Doc. No. 21 at p. 1, and $3,656.25 in attorneys fees as sanctions for defendant's failure to appear as ordered and produce documents at judgment debtor examinations and to provide ordered discovery responses.  Record Doc. No. 89 ($3,206.25 plus $450.00).

(A)    Attorneys Fees

Evaluation of reasonable attorney's fees is a two-step process that begins with determination of the "lodestar" amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)).  The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"The lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Heidtman, 171 F.3d at 1043.

First, I must determine whether the hourly rate charged by plaintiff's counsel was reasonable. As to the pre-judgment work, I find that the rates of $225 and $265 per hour charged by plaintiff's attorneys Richard Sahuc and Gregory Latham, respectively, and $185 per hour charged by Kent Barnett, are reasonable in the New Orleans legal market for lawyers with their qualifications and experience in commercial litigation of this type. In addition, the $95 per hour rate charged for 3.5 hours of paralegal time was also reasonable. Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008), panel opin. vacated by grant of reh'g en banc, 562 F.3d 711 (5th Cir.), dist. ct. aff'd on reh'g en banc, 578 F.3d 293 (5th Cir. 2009); Green v. Administrators of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64 (2006); Board of Sup'rs of La. State Univ. v. Smack Apparel Co., No. 04-1593, 2009 WL 927996, at *4 (E.D. La. Apr. 2, 2009) (Lemmon, J.); Speaks v. Kruse, No. 04-1952, 2006 WL 3388480, at *3-4 (E.D. La. Nov. 20, 2006) (Livaudais, J.). Based on the same precedent, the $225 per hour charged by Sahuc, the only one of plaintiff's counsel who worked on the post-judgment proceedings, is also reasonable.

Next, I must determine whether the number of hours spent by plaintiff's counsel was reasonable. As to pre-judgment work, Sahuc spent a total of 27.5 hours, Latham billed a total of 6.1 hours, Kent Barnett worked .25 of an hour and paralegal Pearce Webb billed 3.5 hours, for a total of 37.35 hours. I have reviewed the affidavits and the time work description reports attached to the motion papers as exhibits. I find that all of the 37.35 requested hours were reasonably incurred in connection with obtaining the $124,000.00 judgment against defendant. In addition, I find that the 14.25 hours of work expended by Sahuc on plaintiff's behalf in judgment execution efforts, caused principally by defendant's various failures to appear and efforts to track him down, were entirely reasonable and caused by defendant's sanctionable conduct. See Record Doc. Nos. 72, 73 and 74 (summary of defendant's conduct resulting in subsequently rescinded issuance of contempt of court proceedings and arrest warrant).

Thus, the lodestar amount for both kinds of work combined is summarized and calculated as follows:

| Attorney/Paralegal | Pre-Judgment Hours | Post-Judgment Hours | Rate | Subtotal |
|---|---|---|---|---|
| R. Sahuc | 27.5 | 14.25 | $225 | $ 9,393.75 |
| G. Latham | 6.1 | 0 | $265 | $ 1,616.50 |
| K. Barnett | .25 | 0 | $185 | $ 46.25 |
| P. Webb | 3.5 | 0 | $95 | $ 332.50 |
| | | | | |
| Totals: | 37.35 | 14.25 | | $ 11,389.00 |

As requested in plaintiff's motion, the sum of $450 ($225 x 2 hours) previously awarded as a sanction in connection with plaintiff's successful motion to compel, Record Doc. Nos. 22, 23, must be added to this amount, yielding a lodestar total of $11,839.00. Plaintiff does not seek any enhancement of the lodestar amount. I find that the lodestar amount is reasonable and requires no adjustment by any of the Johnson factors.

(B)   COSTS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1172 (2013). Even if a federal statute speaks to an award of costs in a particular type of case, "Rule 54(d)(1) independently authorizes district courts to award costs to prevailing parties." Id. at 1174 n.5. Rule 54(d)(1) "does not require courts to award costs to prevailing [parties]," but permits the court in the exercise of its discretion to consider the particular circumstances of the case. Id. at 1178 n.9 (emphasis in original). Thus, "a court has discretion to award costs" under Rule 54(d)(1). Id. at 1174.

Limiting the discretion of the federal court to award costs under Rule 54(d)(1) is 28 U.S.C. § 1920, under which

>  a court may tax the following costs: <u>fees of the clerk and marshal</u>; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services. The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary.

<u>Mota v. Univ. of Tex.</u>, 261 F.3d 512, 529 (5th Cir. 2001) (citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 444-45 (1987)) (quotation and additional citations omitted) (emphasis added); <u>accord</u> <u>Gagnon v. United Technisource, Inc.</u>, 607 F.3d 1036, 1045 (5th Cir. 2010).

The costs totaling $561.55 consist almost entirely of the filing and service fees. I find that these limited costs are reasonable and awardable in all respects. The presiding district judge has previously determined that costs should be recovered by plaintiff in this case.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's motion to set fees and costs pre-incurred judgment and motion for sanctions for fees and costs incurred post-judgment, Record Doc. Nos. 21 and 89, be GRANTED, and the judgment in this case be amended to require defendant to pay to plaintiff $12,400.55 in reasonable attorneys fees and costs.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __17th__ day of July, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.