# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEILL S. WRIGHT | CIVIL ACTION |
| VERSUS | NO. 16-9405 |
| ERIC BLUE | SECTION: "G"(2) |

## ORDER

Pending before the Court is Plaintiff Neill Wright's ("Wright") "Motion for Post-Judgment Collection Fees and Costs," in which Wright seeks $14,438.71 in attorneys' fees incurred for attempting to collect the judgment awarded to Wright in this litigation from Defendant Eric Blue ("Blue").[1] Blue has not filed a response to the instant motion, timely or otherwise, and therefore, this motion is deemed unopposed.[2] District courts have authority to grant an unopposed motion as long as the motion has merit.[3] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion and award Wright the sum of $14,438.71 in attorneys' fees.

## I. Background

Wright filed a complaint against Blue on June 9, 2016, for breach of contract for Blue's alleged failure to perform his obligations under a promissory note.[4] On September 13, 2016, the

---

[1] Rec. Doc. 12.

[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memorandum in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Wright's "Motion to Set Fees and Costs" was October 12, 2016, and accordingly Blue's response was due on or before October 4, 2016. *See* Rec. Doc. 21.

[3] *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155, at *2 (5th Cir. 2001).

[4] Rec. Doc. 1.

Court entered judgment in favor of Wright and against Blue in the amount of $124,000.00, plus attorneys' fees and costs.[5] On September 27, 2016, Wright filed a motion to set fees and costs seeking $8,744.30 for expenses incurred pre-judgment.[6]

According to Wright, after obtaining summary judgment in his favor, he attempted to collect judgment from Blue.[7] Since Blue was not forthcoming with payment, according to Wright, Wright served requests for production and interrogatories upon Blue in aid of execution of the judgment.[8] Wright alleges that Blue's responses to the discovery requests were evasive and incomplete.[9] Wright then filed a motion on January 31, 2017, to conduct a judgment debtor examination, which Magistrate Judge Wilkinson granted on February 2, 2017.[10] Magistrate Judge Wilkinson further ordered Blue to appear in court on March 8, 2017 for the judgement debtor examination and to produce all documents requested except his social security card and driver's license.[11] Blue failed to appear in court on March 8, 2017, and also failed to appear on two rescheduled dates.[12] After a warrant was issued for his arrest, Blue appeared for the judgment debtor examination on May 3, 2017.[13]

Although Blue appeared at the May 3 judgment debtor examination, Wright contends that

---

[5] Rec. Doc. 20.

[6] Rec. Doc. 21.

[7] Rec. Doc. 94-1 at 3.

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 24; Rec. Doc. 25.

[11] Rec. Doc. 24; Rec. Doc. 25.

[12] Rec. Doc. 34; Rec. Doc. 67; Rec. Doc. 72.

[13] Rec. Doc. 73; Rec. Doc. 75.

Blue still failed to produce all requested documents as ordered, so Magistrate Judge Wilkinson continued the judgment debtor examination and ordered Blue to produce the documents Wright's counsel listed in open court.[14] According to Wright, Blue's failure to produce those documents caused the judgment debtor examination to be continued two more times until Wright could obtain adequate document production.[15] On June 28, 2017, Wright filed a "Motion for Sanctions for Failure to Attend Judgment Debtor Examinations and to Produce Documents" against Blue seeking an award of $3,206.25 for reasonable attorneys' fees.[16] On July 18, 2017, Magistrate Judge Wilkinson issued a Report and Recommendations, recommending that Wright's motions to set fees and costs incurred pre-judgment and for sanctions for fees and costs incurred post-judgment be granted.[17] On August 4, 2017, the Court adopted the report and recommendations and entered an amended judgment in favor of Wright and against Blue in the amount of $124,000.00, plus $11,839.00 in attorneys' fees and $561.55 in costs.[18]

Wright contends that he has incurred $19,276.21 in post-judgment collection attorneys' fees and costs since filing the previous motion to set fees and costs seeking $8,744.30.[19] Accordingly, Wright seeks $14,438.71 in fees and costs pursuant to the promissory note and the Court's September 13, 2016 judgment.[20] Because $4,837.50 has already been awarded to Wright in the form of sanctions against Blue for some of Blue's more egregious actions during the post-

---

[14] Rec. Doc. 94-1 at 4.

[15] *Id.*

[16] Rec. Doc. 89.

[17] Rec. Doc. 91

[18] Rec. Doc. 92; Rec. Doc. 93.

[19] Rec. Doc. 94-1 at 4.

[20] Rec. Doc. 94-1 at 5.

3

judgment discovery process, the total of all fees and costs now sought amounts to $14,438.71.[21]

Wright argues that Louisiana law controls the reasonableness of the fee award, and therefore cites the Louisiana Supreme Court decision in *State Department of Transportation and Development v. Williamson*, articulating a ten factor test Louisiana courts apply in deciding the reasonableness of attorney fees requested.[22] Blue did not file an opposition.

## II. Law and Analysis

### A.  *Legal Standard*

According to the Fifth Circuit, state law controls "the reasonableness of fees awarded where state law supplies the rule of decision."[23] In this case, the Court based its decision to grant summary judgment upon Louisiana law insofar as it cited Louisiana Revised Statute §10:3 to determine whether the promissory note at issue was a valid negotiable instrument entitling Wright to payment.[24] Therefore, Louisiana law controls the reasonableness of the fee award.[25]

"Courts may inquire as to the reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law."[26] A reasonable hourly rate is to be determined "according to the prevailing market rates in the relevant community" for attorneys of similar experience in similar cases.[27] "To inform and assist the court in the exercise of its discretion, the

---

[21] *Id.* at 5 n.4.

[22] *Id.* at 5–6 (citing *State Dept. of Transp. and Dev. v. Williamson*, 91-2401 (La. 4/20/92); 597 So.2d 439, 442).

[23] *Walker Int'l Holdings, Ltd. v. The Republic of Congo*, 415 F.3d 413, 415 (5th Cir. 2005) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002))

[24] Rec. Doc. 19 at 7–10.

[25] *Id.*

[26] *State Dept. of Transp. and Dev.*, 597 So. 2d at 441–42 (citing *City of Baton Rouge v. Stauffer Chem.Co.*, 86-1357 (La. 1/12/87); 500 So. 2d 397; *Leenerts Farms, Inc. v. Rogers*, 82-0770 (La. 10/18/82); 421 So. 2d 216).

[27] *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13), 118 So. 3d 343, 350 (citing *Blum v. Stenson*,

(wrapped below)

burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[28] A rate determined in this way is normally deemed to be reasonable and is considered to be "the prevailing market rate."[29]

In *State Department of Transportation and Development v. Williamson*, the Louisiana Supreme Court set forth ten factors to be considered in determining the reasonableness of a fee award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the Court's own knowledge.[30] Furthermore, citing the United States Supreme Court case, *Blum v. Stenson*, the Supreme Court of Louisiana has stated, "A reasonable hourly rate is to be determined 'according to the prevailing market rates in the relevant community for attorneys of similar experience in similar cases.'"[31]

B.  *Analysis*

Wright's motion for post-judgment attorneys' fees and costs is unopposed. Therefore, if the motion is meritorious, the Court may grant it. The Court already awarded attorneys' fees and

---

465 U.S. 886, 895 (1984).

[28] *Id*.

[29] *Id.*

[30] *Id*. at 442.

[31] *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13), 118 So. 3d 343, 350 (quoting *Blum v. Stenson*, 465 U.S. 886 (1984)).

costs to Wright in the judgment entered on September 13, 2016.[32] However, Wright filed the motion to set attorneys' fees and costs on September 27, 2016, prior to any post-judgment attorneys' fees incurred due to post-judgment discovery and collection efforts.[33] Accordingly, on August 4, 2017, the Court awarded attorneys' fees in the amount of $11,839.00 for fees incurred prior to the September 13, 2016 judgment.[34] Moreover, Wright's motion to set attorneys' fees and costs did not take into consideration attorneys' fees and costs incurred post-judgment. Thus, having decided that Wright is entitled to attorneys' fees in the judgment entered on September 13, 2016, the only question before the Court is whether the amount for post-judgment attorneys' fees and costs sought by Wright is reasonable.

In deciding the reasonableness of Wright's request, the Court will consider the ten factors set for by the Louisiana Supreme Court in *State Department of Transportation and Development* for determining the reasonableness of a fee award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the Court's own knowledge.

With respect to factors one, two, four, and eight, in his motion for attorneys' fees, Wright acknowledges that this case was not sophisticated and lasted a relatively short three months from complaint to judgment. Consequently, Wright concedes, the amount of fees and costs requested is relatively low. Nevertheless, Wright asserts, the Court granted judgment in the amount of $124,000

---

[32] Rec. Doc. 20.

[33] Rec. Doc. 21.

[34] Rec. Doc. 93.

6

to Wright. Wright further argues that this amount is not insignificant, especially given that he is an individual. As Wright ultimately prevailed in this lawsuit, his attorneys incurred the responsibility of carrying out the lawsuit effectively, the timeline of the case and corresponding legal work were proportionate to the intricacies of the facts involved, and the amount of money involved was significant to Wright, these factors weigh in favor of determining that awarding post-judgment attorneys' fees is reasonable.

With respect to factors three and five, Wright contends that the litigation was important and necessary, as Blue had already signed and defaulted on two previous promissory notes. Considering the promissory note at issue in this case was the third that Blue had signed and defaulted on, according to Wright, he was forced to retain counsel. Prior to filing this action, Wright avers, his counsel contacted Blue several times attempting to settle the matter. Wright contends that since Blue refused to cooperate in litigation to any extent, Wright was forced to litigate and file a summary judgment motion, which Blue did not oppose. Wright further avers that after he obtained judgment in his favor, Blue would not pay the judgment, forcing Wright to institute post-judgment discovery. Wright further contends that Blue's continued attempts to evade and delay discovery, to which Wright as a judgment debtor was entitled, drove up legal costs. Considering Wright has sufficiently demonstrated his need for litigation to resolve the dispute at issue in this case, and his attorneys performed extensive legal work to collect the judgment award from Blue, these factors weigh in favor of determining that awarding post-judgment attorneys' fees is reasonable.

With respect to factors six, seven, and nine, Wright argues that this matter was appropriately and reasonably staffed. Wright avers that almost all of the work was performed by one attorney, Richard Sahuc, who occasionally consulted with his managing director, Greg

Latham, and was assisted by paralegal staff. Wright provides Mr. Sahuc's extensive educational and professional background and qualifications. Specifically, Wright avers that Mr. Sahuc graduated *magna cum laude* from the University of Miami School of Law in 2002, where he was on the editorial board of the Miami Law Review, and has since been practicing law for fourteen years, including as a former partner at Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. Wright also argues that the customary rates of attorneys in New Orleans with similar scholarship and professional experience are comparable to Mr. Sahuc's and Mr. Latham's respective hourly rates of $225 and $265. Considering Mr. Sahuc's representation strategy, the lean staffing of this case, the diversified skill levels of those involved, and diligent litigating efforts, these factors weigh in favor of determining that awarding post-judgment attorneys' fees is reasonable.

With respect to the tenth factor, the Court acknowledges Wright's assertion that the costs totaling $590.71 are reasonable given that they consist almost entirely of the filing and service fees.[35] The Court also acknowledges Wright's assertion that he has incurred $19,276.21 in post-judgment fees and costs, but because $4,837.50 has already been awarded to Wright in the form of sanctions against Blue, the total of all fees and costs now sought through this action amount to $14,438.71. Accordingly, this factor weighs in favor of determining that the award of post-judgment attorneys' fees sought in the amount of $14,438.71 is reasonable.

As previously stated, the Supreme Court of Louisiana has held, "A reasonable hourly rate is to be determined 'according to the prevailing market rates in the relevant community for attorneys of similar experience in similar cases.'"[36] The facts in *Monsanto Co. v. KT Farms*

---

[35] *Id*.

[36] *Covington*, 118 So. 3d at 350.

*Partnership through Aymond*, a Louisiana Court of Appeal, Second Circuit case, are similar to the facts in this case.[37] In *Monsanto*, the plaintiff was a creditor who sought collection of a debt owed to it by the defendants.[38] In that case, the attorneys provided legal assistance involving pre-trial litigation and representation at trial.[39] In determining the reasonable rate for attorneys' fees, the court noted that the case was a "simple open account case," it required "only a short trial," and the record on appeal was "one small volume."[40] Ultimately, the court in *Monsanto* held that attorneys' fees in the amount of $200 per hour for office time and $300 per hour for out-of-office time were reasonable.[41]

Similarly here, Wright acknowledges that this case was not sophisticated and it lasted a relatively short three months. The record in this case was likewise small. As in *Monsanto*, Wright's counsel provided legal assistance with pre-trial litigation involving the collection of a debt. Although Wright does not distinguish between Mr. Sahuc and Mr. Latham's hourly rates for office time and out-of-office time, their hourly rates are within the range determined to be reasonable by the Louisiana Court of Appeal, Second Circuit. Furthermore, Wright avers that almost all of the work was performed by Mr. Sahuc, whose hourly rate is at the low end of the range established in *Monsanto*. Accordingly, Mr. Sahuc and Mr. Latham's respective hourly rates of $225 and $265 align with the prevailing market rates in the community.

---

[37] 51,740 (La. App. 2 Cir. 11/15/17); 2017 WL 5473586.

[38] *Id*.

[39] *Id*.

[40] *Id*. at *10.

[41] *Monsanto Co.*, 2017 WL 5473586.

Moreover, this Court, having adopted the Report and Recommendation of the Magistrate Judge in awarding pre-judgment attorneys' fees, previously found these rates to be reasonable.[42] Considering Wright's pending motion, nothing suggests that the same hourly rate would not be reasonable in awarding post-judgment attorneys' fees.[43] Finally, Blue, having not filed a brief in opposition to Wright's motion, does not offer any evidence that the attorneys billed Wright for excessive, duplicative, or unproductive hours or costs. Thus, the attorneys' fees sought by Wright appear to be reasonable.

### III. Conclusion

For the reasons stated above, the Court will grant Wright's motion for post-judgment collection fees and costs and award $14,438.71 in post-judgment attorneys' fees and costs to Wright. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Neil S. Wright's "Motion for Post-Judgment Collection Fees and Costs"[44] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Eric Blue shall remit payment to Neil S. Wright in the amount of $14,438.71 for attorneys' fees and costs.

**NEW ORLEANS, LOUISIANA**, this __25th__ day of January, 2018.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[42] Rec. Doc. 92; Rec. Doc. 93.

[43] *See, e.g., Insulators & Asbestos Workers Local 112 Pension Tr. Fund v. George*, No. 2:10 CV 00144, 2012 WL 4059904, at *2 (W.D. La. Sept. 13, 2012) (awarding post-judgment attorneys' fees incurred for attempting to collect a judgment at the same hourly rate as the pre-judgment attorneys' fees awarded).

[44] Rec. Doc. 94.